UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aiyetoro Aheen Holmes,<br><br>Petitioner,<br><br>v.<br><br>Megan Remark; Melissa Westbrook; and Attorney John L. Kirwin,<br><br>Respondents. | Case No. 18-cv-0181 (SRN/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Petitioner Aiyetoro Aheen Holmes presents this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] The petition is now before the Court for review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court now recommends that the petition be dismissed without prejudice for failure to exhaust state remedies.

The habeas corpus petition filed by Holmes is not entirely clear about the circumstances of her detention, but the exhibits attached to her petition show that Holmes was committed by the Minnesota Commissioner of Human Services as a person who is mentally ill on June 9, 2016. (Pet. Ex. at 27 [Doc. No. 1-1].) Holmes has more than once been provisionally discharged from that commitment, but on January 3, 2018, a notice of intent to revoke provisional discharge was submitted to the Hennepin County District Court. (*Id*. at 32.) The docket of Holmes's commitment proceedings maintained by the

state courts indicates that her provisional discharge was, in fact, revoked by order of the Hennepin County District Court on February 2, 2018. *See In the Matter of the Civil Commitment of Holmes*, No. 27-MH-PR-17-210 (Minn. Dist. Ct.).

Holmes challenges the validity of her recommitment in several respects, including the legality of the underlying proceedings.[1] Under § 2254(b)(1), however,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Holmes's habeas corpus petition is governed by § 2254(b), as she is held "in custody pursuant to the judgment of a State court." *See Beaulieu v. Minnesota*, No. 06-cv-4764 (JMR/JSM), 2007 WL 2915077, at *5 (D. Minn. Oct. 4, 2007) ("The exhaustion

---

[1] In her habeas petition, Holmes also challenges the *conditions* of her civil confinement (as opposed to the underlying legality of her confinement). Such claims, however, may only be raised in traditional civil litigation, not habeas corpus litigation. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). Holmes has already raised similar claims in a civil proceeding filed in the District of Minnesota, *see Holmes v. Remark*, No. 18-CV-0155 (PJS/SER) (D. Minn. filed Jan. 22, 2018), and those claims are more appropriately considered as part of that proceeding. In any event, the conditions claims presented by Holmes in her habeas corpus petition are not sufficiently detailed to state a claim upon which relief may be granted against any of the named Respondents.

requirement applies equally to those who are in state custody due to a civil commitment, as it does to state prisoners."). Holmes has not exhausted the remedies available in the state courts, as a civil detainee held pursuant to Minn. Stat. § 253B.15 (such as Holmes) may appeal from the judgment of detention, and Holmes has not yet done so. *Cf. In re Larsen*, No. A03-1410, 2004 WL 1049844, at *4 (Minn. Ct. App. May 11, 2004). And nothing about this matter indicates that state-court processes are unavailable to Holmes or that circumstances exist that render those processes ineffective.

Holmes cannot seek habeas corpus relief in federal court until she has exhausted available remedies in the state courts. Because she has not yet done so, it is recommended that this matter be dismissed without prejudice.

Only two matters merit further comment. First, Holmes's application to proceed *in forma pauperis* must be denied, as her habeas corpus petition cannot be entertained. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Second, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on her petition unless she is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court,

3

including the Eighth Circuit Court of Appeals, would treat Holmes's current habeas corpus petition differently than it is being treated here.  Holmes has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Holmes not be granted a COA in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Aiyetoro Aheen Holmes [Doc. No. 1] be **DENIED WITHOUT PREJUDICE** for failure to exhaust state remedies.
2. Holmes's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED**.
3. Holmes's motion to cease and desist [Doc. No. 3] be **DENIED**.
4. No certificate of appealability be issued.

Dated:  March 8, 2018             s/ *Hildy Bowbeer*
                                  HILDY BOWBEER
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).